UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO.: 5:13-CV-33-BO

| | |
|---|---|
| CAPITAL BANK N.A., | ) |
| | ) |
|     Appellant, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| BATH BRIDGEWATER SOUTH, LLC, | ) |
| | ) |
|     Appellee. | ) |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

This matter is before the Court on Capital Bank N.A. ("Capital Bank")'s motion for leave to appeal [DE 1]. For the reasons stated herein, Capital Bank's motion is DENIED.

**BACKGROUND**

Debtor, Bath Bridgewater South, LLC ("Bath Bridgewater"), filed for Chapter 11 bankruptcy relief on September 6, 2011. On December 5, 2011, Bath Bridgewater filed its plan of reorganization. On January 26, February 6, May2, May 15, May 16, and June 11, 2012, the bankruptcy court held hearings to determine where the reorganization plan and disclosure statement would be confirmed. On September 20, Bankruptcy Judge Humrickhouse, issued an order that "direct[ed] the parties to submit a valuation for the Bridgewater South property to be surrendered using a discounted cash flow analysis comprised of the factors" that the court had previously determined. The parties had ten days to submit such a valuation to the bankruptcy court. Judge Humrickhouse continued "[i]f the parties cannot agree on that value, separate valuations with supporting discounted cash flow analysis exhibits may be submitted to the court

1

within that 10 day period." On October 3, 2012, Capital Bank filed the instant notice of appeal seeking relief from Judge Humrickhouse's Order of September 20th.

## DISCUSSION

District courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . ." 28 U.S. § 158(a). In determining whether an order is interlocutory or final, the Court considers whether the order is one which leaves nothing for the court to do but execute the judgment, *Caitlin v. United States*, 324 U.S. 229, 233 (1945), or merely decides some intervening matter related to the primary cause leaving further steps to be taken in order for the court to rule on the merits of the case. *In re Abingdon Realty Corp.*, 634 F.2d 133, 135 (4th Cir. 1980). A bankruptcy court's order denying approval of a debtor's disclosure statement is an interlocutory order. *In re The Wallace and Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995).

Here, Capital Bank presents the following issues on appeal:

1. Whether the Bankruptcy Court erred in its valuation analysis by excluding a discount for entrepreneurial profit.
2. Whether the Bankruptcy Court erred in its valuation analysis by (i) failing to consider historical sales in the Bridgewater South subdivision; (ii) failing to consider certain evidence of the actual loss incurred by Capital Bank; (iii) failing to consider evidence of the diminished and uncertain real estate market in which the subject property is located; and (iv) failing to apply the appropriate discount rate.

Although Capital Bank is adamant that it is contesting the elements of the valuation, and not the valuation itself, the effect is the same. This is essential to the Court's consideration of this matter because the valuation that Capital Bank now contests was not accepted by the bankruptcy court's September 20th Order. Rather Judge Humrickhouse's Order sets a timeline by which a valuation will be accepted in the future. Moreover, the order even set forth a process by which the parties should comply if they could not agree on that valuation. The order at issue provided an outline of

future steps that would be taken by the court to move the matter closer to resolution – by definition that outline of future process was the opposite of finality. Although the Court recognizes that the concept of finality may be somewhat flexible in the bankruptcy context, *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) the contested order cannot be viewed as anything but an interlocutory one.

In seeking to appeal an interlocutory order, the appellant must show "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)(citation omitted). When evaluating a motion for leave to appeal an interlocutory order, it is appropriate to consider the same factors used by a circuit court in determining whether to review an interlocutory order in a civil proceeding. *See KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000). Under 28 U.S.C. § 1292, appeal from an interlocutory order is appropriate when (1) the order involves a controlling question of law; (2) there is substantial ground for a difference of opinion; and (3) allowing an immediate appeal would materially advance the litigation. *Id.* Although the Court is not required to strictly apply these guidelines they do provide strong guidance.

Considering the factors set forth in § 1292, the Court does not find grounds to allow this appeal to continue. Specifically, allowing an immediate appeal before the bankruptcy court has been given time to accept a valuation would not materially advance this litigation. The instant attempt at appeal is simply too premature to present a fully developed contestable issue to this Court.

For these reasons, this Court finds that the bankruptcy court's order of September 20 was an interlocutory order over which this Court declines to exercise its appellate review.

## CONCLUSION

For the foregoing reasons, the Court DENIES the appellant's motion for leave to appeal.

The CLERK IS DIRECTED to close the file.

SO ORDERED.

This the 20 day of August, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE